## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SAMMY COTTON**

    Petitioner,

v.                                                  Case No.  8:05-cv-232-T-30EAJ

**JAMES V. CROSBY, JR.,**

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Sammy Cotton's (hereinafter referred to as "Cotton" or "Petitioner") Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) filed on February 4, 2005, his Memorandum in Support (CV Dkt. #2), the Government's Response (CV Dkt. #12), and Petitioner's Reply (CV Dkt. #14). The Court concludes that this Petition is due to be summarily denied because it plainly appears from the record that Petitioner is entitled to no relief.

### Background

**I.**    **Charges and Sentencing**

Cotton was charged in the Sixth Judicial Circuit, Pinellas County, Florida, with robbery, resisting arrest, and soliciting for prostitution, with trial set for March 5, 1998. On March 4, 1998, however, the Court sought to avoid trial by offering Cotton a fifteen-year prison sentence to be suspended after eighteen months. The State objected – claiming the

Court was obligated to sentence Cotton under Florida's Prison Releasee Reoffender Act – but the Court stood by its offer. Cotton accepted that offer.

Although he accepted the Court's offer, Cotton requested some time to see his family before starting his sentence. The Court agreed, deferring sentencing until the following Monday. However, it did so with the caveat that – should Cotton (1) fail to appear for the Monday sentencing hearing; or (2) "get into trouble" over the weekend – it would sentence him to the full fifteen-year sentence without suspending the final twelve years. Cotton accepted those conditions and entered a guilty plea.

Monday came and Cotton failed to appear at his sentencing hearing. The Court both issued a bench warrant and sentenced Cotton as a habitual felony offender to the full fifteen-year sentence on the robbery count. It sentenced him to time served on the remaining counts.

The State appealed, again claiming the Court was obligated to sentence Cotton under Florida's Prison Releasee Reoffender Act. The State District Court affirmed, but was later reversed by the Florida Supreme Court in Cotton v.State, 769 So. 2d 345 (Fla. 2000). On August 3, 2000, Cotton's habitual offender sentence was reimposed along with the minimum mandatory fifteen-year prison sentence under the Releasee Reoffender Act.

Cotton did not appeal his resentencing or seek certiorari in the United States Supreme Court. However, on September 13, 2000, he did file a Motion for Reconsideration of Sentence, claiming that he did not agree in his plea agreement to plead guilty under the

Releasee Reoffender Act. His motion was granted that same day, with the Court reaffirming his status as a habitual offender and not a prison releasee reoffender.

## II.     Federal and State Postconviction Proceedings

Following his resentencing, Cotton filed a barrage of postconviction motions. Specifically, Cotton initiated the following filings:

(1) November 25, 2000: *pro se* Motion for Postconviction Relief under Florida Rules of Criminal Procedure (FRCP) 3.850 and 3.800 (denied on the merits on November 6, 2001; affirmed March 6, 2002);

(2) March 12, 2002: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (denied on the merits and as successive on August 29, 2002; affirmed November 27, 2002);

(3) December 23, 2002: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (denied due to repetitive claims on January 21, 2003; affirmed May 28, 2003);

(4) August 19, 2003: *pro se* Motion for Postconviction Relief under FRCP 3.850 (denied as untimely and successive on September 16, 2003; affirmed May 5, 2004);

(5) November 19, 2003: improperly lodged *pro se* Petition for Writ of Habeas Corpus in the Florida Supreme Court, transferred to state postconviction court (denied as abusive on August 20, 2004; affirmed December 22, 2004); and

(6) April 13, 2004: *pro se* Motion to Correct Sentence and Enforce Specific Performance of Lawful Plea Agreement under FRCP 3.800(a) (denied as procedurally barred under FRCP 3.805 on May 18, 2004; affirmed December 3, 2004).

All were eventually denied. Finally, on January 31, 2005, Cotton filed the instant Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asking the Court

to enforce the initial terms of his plea agreement – eighteen months imprisonment followed by twelve years suspended sentence.

## Discussion

**I.    Timeliness**

Respondent first contends that Cotton's Petition should be denied as untimely. Specially, Respondent claims that the instant Petition – dated January 31, 2005 – was not filed within one year of the date that Cotton's judgment became final (not counting properly filed motions for postconviction relief) as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Bond v. Moore, 309 F.3d 770, 772 (llth Cir. 2002) (AEDPA imposes one-year statute of limitations on all habeas petitions); 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run from the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Cotton counters that Respondent failed to toll two time periods during which properly filed motions were pending.

Here, the Court's central task is to determine whether an aggregate of one year elapsed between the time Cotton's judgment became final and the filing of the instant Petition – not counting periods when properly filed motions were pending. Although the parties disagree significantly in this regard, both generally accept the following calculations:

(1)    October 16, 2000: date stipulated by parties that judgment became final (with Court calculating date of October 13, 2000)

(2) October 16, 2000 – November 25, 2000: 40 days elapsed

(3) June 19, 2003 – April 13, 2004: 299 days elapsed

(4) December 28, 2004 – January 31, 2005: 34 days elapsed

$$\begin{aligned}&\mathbf{40\ days}\\&\mathbf{299\ days}\\+\ &\underline{\mathbf{\ 34\ days}}\\=\ &\mathbf{373\ days}\end{aligned}$$

The above calculations by the Court differ slightly from those of the parties, but all add up to a period greater than one year – which, if true, would render the instant Petition untimely.

Cotton claims that the above calculations fail to account for the period of November 19, 2003 – July 19, 2004, during which he had a Petition for Writ of Habeas Corpus pending in the Florida Supreme Court. Alternatively, Cotton argues that the Court should equitably toll the one-year requirement under AEDPA because he had a Motion to Re-Open Habeas Corpus Proceeding pending in Federal District Court from January 4, 2005 – January 18, 2005. For the reasons stated below, the Court declines to toll either period.

First, the Court will not toll the period of November 19, 2003 – July 19, 2004, because Cotton's Petition for Writ of Habeas Corpus was not properly filed. Indeed, motions for post-conviction review only toll the one-year requirement under AEDPA if such motions are properly filed. 28 U.S.C. § 2244(d)(2). A motion is "properly filed" if its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Here, however, the Florida Court System ultimately found

that Cotton's Petition was procedurally barred (CV Dkt. #2), and this Court will not toll the time period during which it was pending.

Second, the Court will not equitably toll the period of January 4, 2005 – January 18, 2005, because nothing prevented Cotton from filing the instant Petition during that time. Generally, AEDPA's one-year requirement can only be equitably tolled when "extraordinary circumstances" prevent the timely filing of a motion. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001). Cotton claims that – because his Motion to Re-Open Habeas Corpus Proceeding was still pending – he was barred by Federal Rule of Civil Procedure 7(a) from filing yet another habeas petition. However, Rule 7(a) would not have barred a second filing because Cotton's first petition was still technically closed during that time. And even if Rule 7(a) was a bar, the Court does not find an existing habeas petition to be an "extraordinary circumstance" justifying equitable tolling.

Because an aggregate of one year passed between the time that Cotton's judgment became final and the filing of the instant Petition, the Court finds the instant Petition to be untimely.

## II.    Plea Agreement

Even if the instant Petition were timely, the Court would nevertheless reject Cotton's claim that his sentencing somehow violated his due process rights. Specifically, Cotton contends that the sentencing court failed to abide by the terms of his plea agreement by sentencing him to fifteen years imprisonment instead of suspending all but eighteen months

imprisonment. This, he contends, violated his due process rights because it meant that his guilty plea was not knowing and intelligent. Respondent counters that Cotton's plea was knowing and intelligent because he understood that he would be sentenced to the full fifteen-year term if he failed to appear for his sentencing hearing.

The Court agrees with Respondent. While it is true that the failure to ensure a knowing and intelligent plea is a violation of due process, see Bousley v. United States, 523 U.S. 614, 618 (1998), there is no proof of any such violation here. At the guilty plea hearing, Cotton's counsel confirmed his client's understanding "that[,] if he didn't come back Monday or got into any trouble in the meantime, he['d] [be] looking at *at least* the 15-year mandatory sentence when he eventually would come back." Transcript of Record at 120, Cotton v. State, 892 So.2d 482 (2004) (emphasis added). Cotton himself wrote the terms of his plea agreement on his Change of Plea Form, indicating them to be "15 yrs DOC – Habit w/ 12 yrs suspended – sentence to be deterred (sic) to 3/9/98 at 8:30 AM – if any trouble or does not return, the full 15 yr sentence will be imposed." Id. At 79.

Because the sentencing court only imposed the full fifteen-year term after Cotton failed to appear for his sentencing hearing, this Court finds Cotton's sentence to be within the terms of his plea agreement. Thus, Cotton's due process rights were not violated.

It is therefore ORDERED AND ADJUDGED that:

1. Cotton's Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) is DENIED.

2.	The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-232.deny 2254.wpd